State of Vermont
Superior Court -- Environmental Division

==============================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
==============================================================================

**In re Verizon Wireless Barton Act 250 Permit**          Docket No. 6-1-09 Vtec

**Project:  Verizon Wireless cell tower and antennas**

**Applicant:  VT RSA Ltd. Partnership and Cellco Partnership, d/b/a Verizon Wireless**
**(Appeal from District #7 Environmental Commission determination)**

Title:  Motion for Reconsideration (Filing No. 14)

Filed:  October 18, 2010

Filed By:  Vincent Illuzzi, Attorney for Appellant Michael Auger

Response in Opposition filed on 10/20/10 by Appellee/Applicant Verizon Wireless

___ Granted                     _X_ Denied                     ___ Other

This matter is currently scheduled for a bench trial beginning on Wednesday, November 3, 2010; the parties have completed, or are just about to complete, their pre-trial discovery and exchange of pre-filed testimony.

By Entry Order of October 15, 2010, this Court ruled that it would not allow Appellant Michael Auger ("Appellant") to present evidence concerning alternate locations for the proposed cellular transmission tower, given that the sole Act 250 criterion remaining under review in this appeal is criterion 8—10 V.S.A. § 6086(a)(8)—and the precedent this Court deemed most convincing appears to counsel against allowing evidence concerning alternate sites under criterion 8.  See Re: Vermont Electric Power Co., No. 7C0565-EB, Findings of Fact, Conclusions of Law, and Order, at 4–5 (Vt. Envtl. Bd. Dec. 12, 1984); Stokes Commc'n Corp., No. 3R0703-EB, Corrected Memorandum of Decision, at 1–2 (Vt. Envtl. Bd. Jun. 28, 1993).

Appellant has now requested that the Court reconsider its October 15, 2010 determination, noting that the former Vermont Environmental Board rendered its decision in Vermont Electric Power prior to its establishment of a detailed procedure for evaluating aesthetic impacts of a proposed project under criterion 8. See Re: Quechee Lakes Corp., Nos. 3W0411-EB and 3W0439-EB, Findings of Fact, Conclusions of Law, and Order, at 17–20 (Vt. Envtl. Bd. Nov. 4, 1985).  The use of this procedure, referred to as the Quechee analysis after the decision that established it, has since been cited approvingly by our Supreme Court.  See In re McShinksy, 153 Vt. 586, 591–93 (1990); In re Appeal of Times & Seasons, LLC and Benoit, 2008 VT 7, ¶ 8; 183 Vt. 336.[1]

---

[1]  Appellant suggests in his legal memorandum that the Environmental Board's 1985 Decision in Quechee was affirmed by the Vermont Supreme Court.  (See Appellant's Mot. to Reconsider Ct.'s Order of Oct. 15, 2010 Re: Applicant's Mot. in Limine to Exclude Evidence 2, filed Oct. 18, 2010).  That is incorrect; no party to the 1985 Quechee Decision appealed.  Rather, the Quechee Lakes project has had a rather prolonged and tortured legal history; the 1990 Supreme Court opinion cited by Appellant concerns a permit amendment proceeding that was prompted when the developer made revisions to the design of its project without first receiving an amendment to its Act 250 permit.  In re Quechee Lakes Corp., 154 Vt. 543 (1990).  The Supreme Court mentioned its approval of the analysis proposed in Quechee in In re McShinsky.  153 Vt. 586, 591–93 (1990).  We recited a brief history of the Quechee analysis in our merits decision in In re Rivers Dev., LLC.  Nos. 7-1-05 and 68-3-07 Vtec, slip op. at 49–53 (Vt. Envtl. Ct. Mar. 25, 2010) (Durkin, J.).

Appellant offers some persuasive arguments for reconsideration, based both upon decisions from the former Environmental Board and the District 5 Environmental Commission that followed Vermont Electric Power. While we are only directed to give persuasive weight to prior decisions of the former Environmental Board, and are not directed to afford precedential authority to decisions of the various district commissions, we find the decisions cited by Appellant somewhat compelling. Clearly, the Quechee analysis speaks to the duty of applicants proposing a project that will have an adverse aesthetic impact to broadly consider "reasonable alternatives available." See Quechee Lakes Corp., Nos. 3W0411-EB and 3W0439-EB, at 20; Rivers Dev., Nos. 7-1-05 and 68-3-07 Vtec, slip op. at 53. According to the Environmental Board such reasonable alternatives include, among others, the "selection of less obtrusive colors and building materials" as well as a "less obtrusive building site within the project area." Quechee Lakes Corp., Nos. 3W0411-EB and 3W0439-EB, at 20.

Upon finding an adverse aesthetic impact, the second standard from the Quechee analysis under which the court examines reasonable alternatives asks whether the applicant has taken "generally available mitigating steps which a reasonable person would take to improve the harmony of the proposed project with its surroundings." Id., at 20. In our Entry Order of October 15th, we noted our concern that prior discussions of the "alternatives" approach to aesthetic mitigation appeared to be limited to alternate locations within the same project area. Appellant now points to cases in which the Environmental Board and the District 5 Environmental Commission appear to have considered or sought evidence of alternative sites beyond those within the specific project area. See Re: Lawrence E. Thomas, No. 2W0644-EB, Findings of Fact, Conclusions of Law, and Order, at 11 (Vt. Envtl. Bd. Feb. 18, 1986) (considering applicant's evidence about an alternative site but determining it was insufficient to enable "the Board to evaluate whether or not feasible on- or off-site alternatives exist"); Re: H.A. Manosh, Inc., No. 5L1331, Findings of Fact and Conclusions of Law and Order, at 20 (Dist. 5 Comm'n Nov. 18, 1999) (seeking evidence that applicant "considered alternative sites in the county owned or controlled by the applicant that are suitable for the purpose of the project"); Re: ATC Realty, Inc., No. 5W1405, Findings of Fact and Conclusions of Law and Order, at 13 (Dist. 5 Comm'n Feb. 10, 2003) (citing to Manosh, at 18–20, for conclusion that "an examination of alternatives sites owned or controlled by the applicant was a valid and necessary inquiry" and seeking evidence of such alternatives).

However, in reading all of the decisions cited by Appellant, we find no clear precedent to support Appellant's assertion here: that Vermont Electric Power "has all but been overruled or distinguished" and that, in order to make a determination of the proposed project's compliance with Criterion 8, we should consider evidence describing possible alternative sites, including those not owned or controlled by Appellee/Applicant Verizon Wireless ("Applicant").[2] (See Appellant's Mot. to Reconsider Ct.'s Order of Oct. 15, 2010 Re: Applicant's Mot. in Limine to Exclude Evidence 4–5, filed Oct. 18, 2010). In fact, the decisions cited by Appellant reinforce our prior determination: that within an analysis of whether an applicant has considered alternative sites that a reasonable person would consider, we are not authorized to look beyond the alternative sites that the applicant owns or controls. Appellant has not provided precedent for the proposition that an inquiry under criterion 8 concerning alternate sites should include sites outside property that the applicant owns or controls.

---

[2] We note, for clarity's sake, that Stokes Communication Corp., No. 3R0703-EB, was decided in 1993, after the 1986 decision of Re: Lawrence E. Thomas, No. 2W0644-EB. We also find it instructive that, to the extent that Act 250 provides explicit authority for district commissions and this court to consider the existence of alternative sites under other criteria (including wildlife habitat and agricultural soils), it routinely restricts the analysis to those sites "owned or controlled by the applicant." See 10 V.S.A. § 6086(a)(8)(A)(iii), (9)(B)(ii), (9)(C)(ii). Criterion 1(F) requires a different kind of analysis, one asking whether a project "must of necessity be located on a shoreline" because it serves a water-related purpose, rather than seeking evidence of specific alternatives sites. Compare 10 V.S.A. § 6086(a)(1)(E), with 10 V.S.A. § 6086(a)(8)(A)(iii); see also Re: West River Acres, Inc., No. 2W1053-EB, Findings of Fact, Conclusions of Law, and Order, at 12–13 (Vt. Envtl. Bd. Jul. 16, 2004).

Whether the site proposed in Verizon's application can be approved will depend upon whether the evidence shows that there is an adverse effect on "scenic or natural beauty of the area" or its "aesthetics," and if so, whether additional evidence shows that the effect is unduly adverse under the Quechee analysis. See 10 V.S.A. § 6086(a)(8).[3] While all relevant evidence will be taken into account, because we have found no precedent suggesting that an applicant can be required to place its project on a wholly distinct site, including one that it does not presently own or control, we decline Appellant's suggestion that such an inquiry is appropriate in these proceedings.

For all of these reasons, and after having reconsidered the legal issues raised by the parties, we decline to reverse our prior decision. Appellant's request that we do so is **DENIED**.

_____          ___October 29, 2010_____
                Thomas S. Durkin, Judge                                              Date

========================================================================

Date copies sent to: _____          Clerk's Initials _____

Copies sent to:

Vincent Illuzzi, Attorney for Appellant Michael Auger

Brian Sullivan and Pamela A. Moreau, Attorneys for Appellee/Applicants Vermont RSA
    Ltd. Partnership and Cellco Partnership, d/b/a Verizon Wireless

John H. Hasen, Attorney Natural Resources Board (FYI purposes only)

Judith L. Dillon, Attorney for Agency of Nat'l Resources (FYI purposes only)

---

[3] Our Supreme Court has previously described how the allocation of the burden of proof for criterion 8 affects our assessment of the evidence. See In re Denio, 158 Vt. 230, 237–39 (1992); see also 10 V.S.A. § 6088(b); In re Eastview at Middelbury, Inc., No. 256-11-06 Vtec, slip op. at 3–5 (Vt. Envtl. Ct. Feb. 15, 2008) (Durkin, J.).